IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARRY LONG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 05-304E |
| ) | JUDGE SEAN McLAUGHLIN |
| MARILYN BROOKS, et al., ) | MAGISTRATE JUDGE BAXTER |
| ) | |
| Respondents. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is recommended that the Petition for Writ of Habeas Corpus be dismissed and that a certificate of appealability be denied.

**II.    REPORT**

Barry Long was convicted of rape and involuntary deviate sexual intercourse in the Court of Common Pleas of Allegheny County, Pennsylvania, on December 12, 2003. He was sentenced on March 15, 2004, to 2 to 5 years incarceration.

Petitioner filed a direct appeal in the Superior Court of Pennsylvania on March 29, 2004, and the appeal was docketed at 518 WDA 2004 (Docket #10, Exhibit 1). A review of the Pennsylvania Unified Judicial System website shows that the trial court record was not forwarded to the Superior Court until February 22, 2005. Counsel for petitioner filed his brief, after having been granted a one-month extension to do so, on May 4, 2005 (Docket #10, Exhibit 2). The District Attorney of Allegheny County filed its brief on May 31, 2005 (Docket #10, Exhibit 3). Petitioner filed a pro se motion seeking new counsel and asking for a remand so that he could raise claims of ineffective assistance on August 25, 2005 (Docket #10, Exhibit 4). The Superior Court referred the motions to counsel of record, who filed a motion to withdraw on September 21, 2005 (Docket #10, Exhibits 5 and 6). The Superior Court denied the motion to withdraw on September 22, 2005, and

informed petitioner that he would have to await collateral proceedings to raise claims of ineffective assistance (Docket #10, Exhibit 7).

A review of the Pennsylvania Unified Judicial System website shows that the Superior Court affirmed petitioner's conviction on March 28, 2006. Petitioner then filed a petition for allowance of appeal in the Supreme Court of Pennsylvania on April 26, 2006, which is docketed at 215 WAL 2006. That petition is still pending.

Petitioner filed this petition for writ of habeas corpus on October 25, 2005. He asserts that there has been an unconstitutional delay in his direct appeal in the state courts. The court is not certain whether petitioner is asserting that exhaustion of state court remedies should be excused due to the delay in deciding his direct appeal, or if he is seeking release on the basis of the denial of a timely direct appeal. Hence, the court will address each issue in turn.

Inordinate delay in state direct or collateral appeal proceedings may be sufficient to justify excusing the exhaustion requirement. Moore v. Deputy Comm'rs of SCI-Huntingdon, 946 F.2d 236, 242 (3d Cir.1991)(excusing exhaustion because petition for post-conviction relief had been pending for three years); Wojtczak v. Fulcomer, 800 F.2d 353, 356 (3d Cir. 1986)(holding that a thirty-three (33) month delay in deciding a post-conviction proceeding was sufficient to excuse exhaustion); United States ex rel. Senk v. Brierley, 471 F.2d 657, 660 (3d Cir.1973) (holding that a three-year delay in deciding a PHRA petition excused exhaustion). Here, however, any delay in obtaining appellate review as of right has been cured by the Superior Court's March 2006 ruling. Further, petitioner has chosen to seek discretionary review in the Supreme Court of Pennsylvania, even though he is no longer required to do so in order to exhaust state court remedies for purposes of §2254. Mattis v. Vaughan, 128 F.Supp.2d 249, 255 note 6 (E.D.Pa. 2001)(practical effect of Pennsylvania Supreme Court Order 218 is to excuse habeas petitioners from seeking discretionary review in order to satisfy exhaustion requirement). Petitioner is not entitled to be excused from the exhaustion requirement since the delay does not rise to the level necessary to warrant such relief.

And, in any event, it seems that petitioner does not seek to excuse exhaustion since he does not make any claims other than his claim of a delay in his appeal. Therefore, it appears that petitioner means to assert that the state court delay is a violation of due process requiring its own

- 2 -

remedy apart from excusing exhaustion. This issue was recently addressed in <u>Wallace v. Dragovich</u>, 143 Fed. Appx. 413 (3d Cir. 2005):

> Although we have held that delays in post-verdict process may violate the due process clause, <u>Burkett v. Cunningham</u>, 826 F.2d 1208, 1221 (3d Cir.1987), "delay, even inordinate delay, does not necessarily violate due process[.]" <u>Heiser v. Ryan</u>, 951 F.2d 559, 563 (3d Cir.1991). Therefore, to determine whether there has been a constitutional violation because of delay, we must weigh and balance the four factors set forth in <u>Barker v. Wingo</u>, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972): length of delay, reason for delay, defendant's assertion of his rights, and prejudice to the defendant. <u>See</u> <u>Heiser v. Ryan</u>, 951 F.2d 559, 563 (3d Cir.1991).
>
> Wallace has endured an inordinate delay, and we do not credit the explanations proffered by the Commonwealth and the Pennsylvania courts. In addition, Wallace has assiduously asserted his rights. The first three <u>Barker</u> factors therefore weigh in Wallace's favor. However, the fourth factor-prejudice to the defendant-is unsubstantiated in the record. Although Wallace argues that his ability to succeed on appeal has been prejudiced because the delay has maximized his anxiety and rendered the trial judge unable to perform the sentencing, we do not find this sufficient to impair Wallace's chances on appeal. We conclude that this lack of prejudice, on balance, outweighs the other three <u>Barker</u> factors in establishing that the delay has not caused a constitutional violation.

<u>Id.</u>, at 419. In <u>Wallace</u>, a 40-month delay in addressing post-trial motions and direct appeal was "inordinate" in light of the Commonwealth's repeated failure to transport Wallace to post-trial hearings. Here, a delay of about 11 months was attributable to the trial court record not being forwarded to the Superior Court. After that, the appeal proceeded relatively quickly and was concluded on March 28, 2006, within 2 years of the date it was filed. Further, some of the delay in this case is attributable to petitioner himself (his counsel requested a one-month delay to file a brief and petitioner filed a pro se motion which caused another delay of about a month). Thus, neither the length of the delay nor the reasons for the delay weigh in favor of finding a constitutional violation.

Further, there is no indication in the record that petitioner asserted his rights in the state court, or complained at all to the state courts concerning the delay in addressing his direct appeal. This factor weighs against petitioner as well.

Finally, as in <u>Wallace</u>, there is no hint that the delay in the state court's ruling on direct appeal caused prejudice to petitioner's ability to seek relief in the state courts. This factor weighs against a finding that petitioner's constitutional rights have been violated.

None of the four <u>Barker</u> factors weighs in petitioner's favor, and his claim that the delay

in resolving his direct appeal was unconstitutional must fail.

### Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253(as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Where the federal district court has rejected a constitutional claim on its merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong ⋯" Szuchon v. Lehman, 273 F.3d 299, 312 (3d Cir.2001) quoting Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). A petitioner meets this standard if he can show that the issue "is debatable among jurists, or that a court could resolve the issue differently, or that the question deserves further proceedings." McCracken v. Gibson, 268 F.3d 970, 984 (10 Cir.2001). Under 28 U.S.C. § 2253(c)(3), the district court must identify which specific issues satisfy the standard. Because petitioner has not made such a showing, a certificate of appealability should be denied.

### CONCLUSION

Wherefore, on the basis of the foregoing, it is respectfully recommended that the instant petition for writ of habeas corpus be dismissed and that a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

   /s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: November 6, 2006

cc: The Honorable Sean J. McLaughlin
United States District Judge

Barry Long, FS-3822
SCI Albion
10745 Route 18
Albion, PA 16475-0002

Rusheen R. Pettit, Esquire
Office of the District Attorney
401 Allegheny County Courthouse
Pittsburgh, PA 15219